J. WESLEY SIBOLE AND VIOLETTE J. SIBOLE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55279. Filed April 16, 1957.

*Wareham C. Seaman, Esq.*, for the petitioners.
*Alonzo W. Watson, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined deficiencies in income tax of $21.64 for 1948 and $221 for 1949. The issue is whether $124.17 received by the petitioners in 1948 and $2,560.56 received by them in 1949, under California State Employees' Retirement Law, are exempt income under the provisions of section 22 (b) (5) of the Internal Revenue Code of 1939. An adjustment for the deduction of medical expenses is dependent upon the primary issue. The facts have been stipulated and they are adopted as our findings of fact.

The petitioners, husband and wife, filed their joint income tax returns for the years in question on the cash basis with the collector of internal revenue for the first district of California.

The petitioners did not return $124.17 out of $2,560.56 received in 1948 or the $2,560.56 received in 1949, in their joint returns for those years.

Each of the petitioners had been an employee of the State of California and received the payments in question pursuant to California's State Employees' Retirement Law (Cal. Gov. Code, sec. 20000 *et*

*seq).* Each of them was retired under the provisions of that law, which permitted retirement to an employee who, regardless of age, was "incapacitated for the performance of duty," if he had had 10 years of State service. (Sec. 21021.) The expression "incapacity for performance of duty" is stated in the law to mean "disability of permanent or extended and uncertain duration, as determined by the board on the basis of competent medical opinion." (Sec. 21020.) Provision is made for subsequent reviews of the fact of disability if the recipient is at least 6 months less than the compulsory retirement age of 70 years. (Sec. 21028.)

Wesley retired in 1946 and Violette in 1945. Each of the petitioners was held to be incapacitated for duty after a physical examination as provided by the law. The statute has no requirement that the incapacity arise in any way out of the performance of the employee's duties. The official examinations for the petitioners' retirements did not investigate and no finding was made as to whether their incapacities were service connected. An October 4, 1951, summary of the report as to Wesley was that—

the medical report shows that you had been consulting the University of California Hospital for sometime before you retired. Our examining Doctor reports that you were in a condition of nervous instability, and hypertension for at least three years before your retirement. On the basis of that medical report, your retirement was authorized. It seems from the record that the condition which caused us to retire you was in effect for quite some time before you actually left the service.

A similar summary as to Violette was that—

the medical report shows that you had been consulting the California Clinic at the University of California Hospital for some time before your retirement. At the time of your retirement the medical reports [*sic*] shows that you had arthritic pains of the left side, shoulder, arm, and back, dizzy spells occasionally during the last three years. The doctor recommended your retirement because of gastritis due to hyperchlorhydria vertigo, and nervous instability. It seems from the medical report that the conditions which caused your retirement had been existing for some time while you continued at work.

Wesley was about 60 years old when he was retired and had been in the employ of the State for about 37 years. Violette was about 55 years old when she retired and had been employed for about 34 years. Each of them could have had voluntary retirement at a lesser rate of pay without any showing of incapacity on the same day or within a day of their retirement for physical incapacity.

Since retirement, the petitioners have had regular medical treatment.

Workmen's compensation is separately provided in the Labor Code of California, sections 3201, 3300, and 3351.

Section 22 (b) (5) exempts from taxation "amounts received, through accident or health insurance or under workmen's compensa-

tion acts, as compensation for personal injuries or sickness, * * *." The petitioners urge, *inter alia*, that the amounts in controversy were exempt under section 22 (b) (5) because they were received "through * * * health insurance * * *, as compensation for * * * sickness."

The Supreme Court of the United States, in *Haynes* v. *United States*, 353 U. S. 81, has held that an arrangement whereby an employer made payments to an employee for sickness disability benefits under a comprehensive plan to which the employee made no direct contribution and for which the company established no supporting fund, was "health insurance" under section 22 (b) (5). It concluded that the term should be given a broad general meaning and not be restricted to commercial or conventional modes of insurance. The payment there was for the duration of the illness and in its most liberal application was limited to full pay for 52 weeks. The "retirement" here was of a more uncertain duration but the fact of disability to sustain the retirement was subject to review. Such a distinction does not call for a different result. The payments here were made for incapacity and that incapacity appears to have continued. The petitioners must prevail on the authority of *Haynes* v. *United States, supra.*

*Decision will be entered for the petitioners.*