ADAM S. H. TRAPPEY AND ELINOR B. TRAPPEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73076.   Filed June 6, 1960.

*Adam S. H. Trappey, pro se.*
*Herbert A. Seidman, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $460.40 in the income tax of the petitioners for 1955. The only issue for decision is whether the petitioners are entitled to exclude from income all or some part of the amounts received by Adam as retirement pay under the provisions of the District of Columbia Teachers' Retirement Act. The facts have been stipulated and are found as stipulated.

The petitioners, husband and wife, filed a joint income tax return for 1955 with the district director of internal revenue at Baltimore, Maryland. They did not include in taxable income $2,344 which Adam received in that year under the District of Columbia Teachers' Retirement Act. The Commissioner, in determining the deficiency, included that full amount in income. The petitioners contend that the $2,344 which Adam received in 1955 under the Teachers' Retirement Act is excluded from income either under section 104 or section 105 of the 1954 Code.

Adam was retired on June 30, 1949, because he was incapable of performing his teaching duties satisfactorily due to physical disa-

bility. He was then 56 years of age and was credited at that time with 33 years of service.

This Court, citing and following *Haynes v. United States*, 353 U.S. 81, twice held under circumstances substantially similar to those here present that disability retirement pension payments are received through health insurance and were excluded from gross income under section 22(b)(5) of the 1939 Code. *Charles H. Jackson*, 28 T.C. 36; *J. Wesley Sibole*, 28 T.C. 40. Those cases would be controlling here if the same law applied. However, it does not apply, but, instead, section 104(a)(3) must be considered. What change did it make?

Section 22(b)(5) is titled "Compensation for Injuries or Sickness." It excluded from gross income "amounts received through accident or health insurance * * *, as compensation for personal injuries or sickness." The title of section 104 is "COMPENSATION FOR INJURIES OR SICKNESS" and in (a)(3) it also excludes from gross income "amounts received through accident or health insurance for personal injuries or sickness." However, it qualifies that exclusion by the following limitation:

(other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer) ; * * *

The parenthetical qualification is the only change in the law material hereto made by the 1954 Code.

The reasoning of the cited cases thus applies here to require exclusion from gross income of that part of the payments not attributable to contributions by the employer, since contributions were made by the employer and were not includible in the income of the employee when made. The parties have covered this allocation problem by stipulation.[1]

The parties refer also to section 105(d) of the 1954 Code. It is titled "WAGE CONTINUATION PLANS" and indicates by its context that it applies to situations different from that here present. Cf. *Haynes v. United States, supra*, footnote 4.

> *Decision will be entered under Rule 50.*

---

[1] The contributions do not include any interest.