WILLIAM E. CONROY, ET AL.,[1] PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 583-62, 705-62, 973-62, 1443-62, Filed February 26, 1964. 1444-62, 1692-63, 3368-63.

---

[1] Proceedings of the following petitioners are consolidated herewith: Jay C. Dobbs and Edith Dobbs, docket No. 705-62; James W. Jenkins and Marie C. Jenkins, docket No. 973-62; Charles J. Tauter, docket No. 1443-62; Charles J. Tauter and Marion M. Tauter, docket No. 1444-62; James W. Jenkins, docket No. 1692-63; and Charles J. Tauter, docket No. 3368-63.

*W. Carroll Parks*, for the petitioners.
*George K. Dunham*, for the respondent.

OPINION

KERN, *Judge:* It is respondent's position that the amounts received by petitioners from the special fund are amounts received by them as annuities. As such they would be includable in petitioners' gross incomes under section 72 of the Internal Revenue Code of 1954,[2] the pertinent parts of which are set out in the margin. Re-

---

[2] SEC. 72.  ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(a) GENERAL RULE FOR ANNUITIES.—Except as otherwise provided in this chapter, gross income includes any amount received as an annuity (whether for a period certain or during one or more lives) under an annuity, endowment, or life insurance contract.

\* \* \* \* \* \* \*

(d) EMPLOYEES' ANNUITIES.—

(1) Employee's contributions recoverable in 3 years.—Where—

(A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employer, and

(B) during the 3-year period beginning on the date (whether or not before January 1, 1954) on which an amount is first received under the contract as an annuity, the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee,

then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded (under this paragraph and prior income tax

spondent alternatively argues that if the amounts received by petitioners may be characterized as amounts received through accident or health insurance they are attributable to contributions by the employer which were not includable in the gross incomes of the employees, or are paid by the employer and, as such, they are includable in petitioners' gross incomes pursuant to sections 104 and 105 of the Internal Revenue Code of 1954,[3] the pertinent parts of which are set out in the margin.

---

laws) an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

(f) SPECIAL RULES FOR COMPUTING EMPLOYEES' CONTRIBUTIONS.—In computing, for purposes of subsection (c)(1)(A), the aggregate amount of premiums or other consideration paid for the contract, for purposes of subsection (d)(1), the consideration for the contract contributed by the employee, and for purposes of subsection (e)(1)(B), the aggregate premiums or other consideration paid, amounts contributed by the employer shall be included, but only to the extent that—

(1) such amounts were includible in the gross income of the employee under this subtitle or prior income tax laws; or

(2) if such amounts had been paid directly to the employee at the time they were contributed, they would not have been includible in the gross income of the employee under the law applicable at the time of such contribution.

[3] SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) IN GENERAL.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include—

(1) amounts received under workmen's compensation acts as compensation for personal injuries or sickness;

(2) the amount of any damages received (whether by suit or agreement) on account of personal injuries or sickness;

(3) amounts received through accident or health insurance for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer); and

(4) amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country or in the Coast and Geodetic Survey or the Public Health Service, or as a disability annuity payable under the provisions of section 831 of the Foreign Service Act of 1946, as amended (22 U.S.C. 1081; 60 Stat. 1021).

SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.

(a) AMOUNTS ATTRIBUTABLE TO EMPLOYER CONTRIBUTIONS.—Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

(b) AMOUNTS EXPENDED FOR MEDICAL CARE.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include amounts referred to in subsection (a) if such amounts are paid, directly or indirectly, to the taxpayer to reimburse the taxpayer for expenses incurred by him for the medical care (as defined in section 213(e)) of the taxpayer, his spouse, and his dependents (as defined in section 152).

(c) PAYMENTS UNRELATED TO ABSENCE FROM WORK.—Gross income does not include amounts referred to in subsection (a) to the extent such amounts—

(1) constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, his spouse, or a dependent (as defined in section 152), and

(2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work.

(d) WAGE CONTINUATION PLANS.—Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sick-

Petitioners contend that the amounts received by them from the special fund, which have been described in our Findings of Fact, are excludable from gross income as "amounts received" through "accident or health insurance for personal injuries," pursuant to the provisions of sections 104 and 105 of the Internal Revenue Code of 1954. Petitioners specifically referred to section 105(e). They cite as authorities *Haynes* v. *United States*, 353 U.S. 81; *J. Wesley Sibole*, 28 T.C. 40; and *William L. Winter*, 36 T.C. 14, affd. 303 F. 2d 150.

Of these cases only the *Winter* case considered the provisions of the Internal Revenue Code of 1954, which in important respects differ from those of the 1939 Code which were considered in the *Haynes* and *Sibole* cases.[4] As we pointed out in *Adam S. H. Trappey*, 34 T.C. 407, amounts received through accident or health insurance are not excludable from gross income under the 1954 Code to the extent that they are attributable to contributions by the employer which were not includable in the gross income of the employee or which are paid by the employer. This general rule is stated in section 104(a)(3) and section 105(a); the exceptions are stated in subsections (b), (c), and (d) of section 105.

In the instant cases no attempt was made, as was made in the *Trappey* case, to show the extent to which the amounts received by petitioners were attributable to contributions by the employer and the extent to which they were attributable to contributions by the employees. Petitioners have failed to prove that the amounts received by them were attributable to contributions by employees. Indeed, there is no showing that the amounts received by petitioners were not paid by the employer. Straight retirement pensions were paid from the special fund as well as amounts claimed by petitioners to be accident or health benefits, and there is no proof that any provision of the plan under which the special fund operated or any law or

ness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. In the case of a period during which the employee is absent from work on account of sickness, the preceding sentence shall not apply to amounts attributable to the first 7 calendar days in such period unless the employee is hospitalized on account of sickness for at least one day during such period. If such amounts are not paid on the basis of a weekly pay period, the Secretary or his delegate shall by regulations prescribe the method of determining the weekly rate at which such amounts are paid.

(e) ACCIDENT AND HEALTH PLANS.—For purposes of this section and section 104—

(1) amounts received under an accident or health plan for employees, and

(2) amounts received from a sickness and disability fund for employees maintained under the law of a State, a Territory, or the District of Columbia,

shall be treated as amounts received through accident or health insurance.

(f) RULES FOR APPLICATION OF SECTION 213.—For purposes of section 213(a) (relating to medical, dental, etc., expenses) amounts excluded from gross income under subsection (c) or (d) shall not be considered as compensation (by insurance or otherwise) for expenses paid for medical care.

[4] The cases of *William L. Neill*, 17 T.C. 1015, and *Charles F. Brown*, 25 T.C. 220, are to some extent factually similar to the instant cases in that they considered tax problems of retired members of the Baltimore Police Department. However, they also considered different questions arising under different statutes.

ordinance which created it prescribed that "the accident or health benefits are provided in whole or in part by employee contributions and the portion of employee contributions to be used for such purpose." Accordingly, section 1.72–15(c)(2), Income Tax Regs., the pertinent portion of which is set out in the margin,[5] is applicable and "it will be presumed that none of the employee contributions is used to provide such benefits." This presumption is supported by the meager facts in the record having to do with the sources of the moneys paid out by the special fund which indicate that as a practical matter only a negligible or *de minimis* proportion of the amounts received by petitioners could have been attributable to employee contributions. These moneys were derived from fines, rewards, employees' contributions, and from appropriations to the fund made by the city (petitioners' employer). In 1963 there were approximately 650 members entitled to benefits from the fund, who contributed to the fund 2 percent of their salaries. In that year the annual salary of a police sergeant was $6,468. In that year the city appropriated approximately $3,500,000 to the fund in order that it might make the payments of benefits required.[6] Ignoring any receipts from fines or rewards and assuming that all members of the fund were sergeants, it would appear that only a little over 2 percent of the payments made by the fund for all purposes in that year could be considered as attributable to employees' contributions even if the employee contributions, contrary to the presumption of the quoted regulation, had been "used to provide such benefits"—a fact which petitioners have failed to prove.

It follows, therefore, that the amounts received by petitioners from the special fund are not excludable from gross income under either section 104 or section 105 unless they are covered by subsection 105(b), subsection 105(c), or subsection 105(d). Only the last subsection (105(d)), to which petitioners make no reference in their argument, can have any possible application to the facts of the

---

[5] Sec. 1.72–15  Applicability of section 72 to accident or health plans.

(c)  *Accident or health benefits attributable to employee contributions.*

(2) In determining the taxation of any amounts received as accident or health benefits from a plan to which this section applies, the first step is to determine the portion, if any, of the contributions of the employee which is used to provide the accident or health benefits and the portion of the accident or health benefits attributable to such portion of the employee's contributions. If such a plan expressly provides that the accident or health benefits are provided in whole or in part by employee contributions and the portion of employee contributions to be used for such purpose, the contributions so used will be treated as used to provide accident or health benefits. However, if the plan does not expressly provide that the accident or health benefits are to be provided with employee contributions and the portion of employee contributions to be used for such purpose, it will be presumed that none of the employee contributions is used to provide such benefits. Thus, in the case of a contributory pension plan, it will be presumed that the disability pension is provided by employer contributions, unless the plan expressly provides otherwise, * * *

[6] There is no evidence with regard to similar figures for the taxable years or, indeed, for any years other than 1963.

instant cases, and it was on this subsection that we relied in deciding in favor of the taxpayers in the *Winter* case. In that case we found that "during 1959 [the taxable year there involved] only 10.2 percent of the eligible employees exercised their privilege of retiring at 60 and that over the 10-year period ending in 1959 that figure ranged from 6.6 percent to 'something over 13 percent'" and concluded that it was the normal practice of the employees in that case to retire at 65 rather than at 60 and, therefore, under section 1.105–4(a)(3)(i), Income Tax Regs., the amounts received by a 60-year-old employee under a pension and retirement plan because of illness were excludable from gross income pursuant to the provisions of subsection 105(d) of the 1954 Code. On the record before us in the instant cases we cannot make similar findings and therefore cannot reach the same result. See *Corkum* v. *United States*, 204 F. Supp. 471. In this case it has been stipulated and we have found as a fact that the average ages and years in service of those members of the special fund who retired were less than the ages of petitioners during the taxable years and less than their years of service if they had remained in the Department. There is nothing in the record which would indicate that the average age and average years of service at which members of the special fund retired voluntarily were more than 60 and 30, respectively. Petitioners were not "absent from work" during the taxable years since they were not expected to work because they had reached retirement age. See sec. 1.105–4(a)(3)(i), Income Tax Regs. Accordingly, we conclude that subsection 105(d) of the 1954 Code is not applicable to the facts of the instant cases and that the payments received by petitioners are not excludable from their gross incomes under section 104(a)(3) or section 105(a).

Petitioners strongly deny that the amounts they received constituted annuities taxable under section 72 of the Internal Revenue Code of 1954. In their pleadings they have raised no alternative issue and have made no argument at the trial or on brief that section 1.72–15(f), *Example* (*1*), Income Tax Regs., is in any way applicable, nor have they introduced in evidence any facts which would warrant us in making allowances under that section of the regulations on account of their contributions to the fund in amounts greater than those made by respondent in his determinations of deficiencies, even if we decided that the amounts received by petitioners were taxable under section 72 of the 1954 Code. Therefore, since the amounts of the receipts of petitioners here involved and as determined by respondent would be includable in petitioners' gross incomes, on the record before us, under either section 72 or section 105(a), it is not necessary for us to decide which of the two sections

is applicable, and we limit our decision to a conclusion that, assuming *arguendo* that the amounts received by petitioners were, as petitioners contend, received through health or accident insurance, they are nevertheless includable in gross income under section 105(a) of the Internal Revenue Code of 1954. Accordingly,

*Decisions will be entered for the respondent.*