John H. Schmitt v. Commissioner.
Schmitt v. Commissioner
Docket No. 2541-63.
United States Tax Court
T.C. Memo 1965-37; 1965 Tax Ct. Memo LEXIS 291; 24 T.C.M. (CCH) 203; T.C.M. (RIA) 65037; February 25, 1965
W. Carroll Parks, for the petitioner. George K. Dunham, for the respondent. RAUM
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in income tax in the amount of $10.08 for the year 1960. The sole issue is whether respondent correctly determined that certain payments made to petitioner, a retired policeman, in 1960, after he had been retired for physical disability, were includable in his gross income. Findings of Fact Most of the facts are stipulated, and, as stipulated, are incorporated herein by reference. Petitioner is a resident of Baltimore, Maryland. His income tax return for the year 1960 was filed with the district director of internal revenue, Baltimore, Maryland. Petitioner was employed by the Baltimore City Police Department (hereinafter referred *292 to as the "Department") as a policeman from October 8, 1913 until he was retired effective January 16, 1947. On April 1, 1939, petitioner was shot in the back while making an arrest and was in the hospital for 29 days. At the time of his injury he was a sergeant and had a "bailiwick" with eight men under him. After he returned to duty, his duties were changed and he spent most of his time assisting the Captain in the station house. He also acted as advisor and supervisor of other men, especially younger men, teaching them "the tricks of the trade". Prior to his retirement he was promoted to the rank of lieutenant. On January 16, 1947, when petitioner was retired from the Department, there was no provision for voluntary retirement. Employees of the Department were retired if they were found to be physically incapable of performing active police duties by the police physicians. If they were retired for physical incapacity and were appointed to the Department prior to June 1, 1943, and had 16 years of service, or if appointed after June 1, 1943, and had 20 years of service, they received one-half of the basic pay of the grade in which they were retired. If the physical incapacity *293 was the result of an injury sustained in the line of duty, then they were retired on one-half of the basic pay of the grade in which they were retired without reference to the number of years of service. The provisions governing retirement in January, 1947, are contained in Section 946 of the Charter and Public Laws of Baltimore City. The Charter and Public Laws of Baltimore City were revised, effective June 1, 1947, to provide for voluntary retirement, without reference to physical incapacity for employees who had reached age 60 and who had 30 years of service with the Department. Provision was also made for mandatory retirement at age 70. These provisions supplement but do not supersede the ones under the prior law, and are incorporated in Section 591 of the Charter and Public Laws of Baltimore City. The benefits under the law in effect in January 1947, as well as the law in effect in June 1947, and thereafter, are paid from a Special Fund set up by the Charter and Public Laws of Baltimore City. The Special Fund is and was composed of contributions of covered employees made while they were on active duty in the amount of two percent of their salaries; fines imposed upon policemen; *294 rewards paid the Department; and contributions from the City of Baltimore in an amount necessary to make up the deficit between the monies available in the fund and the pension and retirement benefits paid by the Special Fund. No apportionment is or was made with regard to either the contribution of the City or the contribution of the employees as to the various categories of benefits paid by the Special Fund. During his years of active service the petitioner contributed to the Special Fund and after his separation from active duty with the Department he was paid from the Special Fund. Petitioner was retired from the Department in 1947 at the age of 59 with 33 years and 4 months of service with the Department. In 1960, the only year involved in this proceeding, petitioner was 73 years of age and had he remained with the Department he would have had 46 years of service. Petitioner was retired after a physical examination by Department physicians as provided in Section 946 of the Charter and Public Laws of Baltimore City, who certified that he was physically incapable of performing police duties. The Department physicians found that the physical disabilities of petitioner did *295 not result from any injury sustained in the line of police duty. The Certificate of Medical Examination issued by the police physicians upon which petitioner's retirement was based shows the physical disability to be "Cardiovascular disease; hypertension; nervous system". Petitioner received during the year 1960 the amount of $3,965 from the Special Fund. On his return for that year petitioner excluded this amount from his gross income. The Commissioner included the foregoing $3,965 in petitioner's gross income for 1960 and determined a deficiency in the amount of $10.08. The amounts paid into the Special Fund by the petitioner were recovered through benefits paid out of the Special Fund within three years from the commencement of the payment of benefits to him and his contributions were all recovered prior to the year here involved. The following is a summary of the retirements from the Baltimore Police Department for the years 1956 through 1960: Year
Reasons
Total
Physically
Injuries
incapable of
sustained
performing
in Line
police duty
of Duty
Voluntary
Compulsory
1956
67
21
13
1
102
1957
33
15
6
4
58
1958
27
11
7
2
47
1959
22
20
8
1
51
1960
16
7
2
25
*296 The average age and average years in service at the time of retirement for all categories of retirees from the Department for the years 1956 through 1960 may be summarized as follows: Average
Average
Time in
Year
Age
Service
1956
56
26
1957
56
25
1958
56
25
1959
54
25
1960
56
25
The average age and average time in service at time of retirement for all categories of retirees with the exception of those retired for injuries sustained in the line of duty may be summarized as follows: Average
Average
Time in
Year
Age
Service
1956
57
27
1957
59
28
1958
58
28
1959
57
27
1960
57
26
Opinion RAUM, Judge: The petitioners in William E. Conroy, 41 T.C. 685, affirmed - F. 2d - (C.A. 4), January 12, 1965, and Joseph Bialecki, T.C. Memo. 1964-180, like the petitioner herein, were Baltimore policemen who had retired on account of disability and received payments from the Special Fund. We think the holdings therein, that such payments are not excludable from gross income, rule the present case. Accordingly, Decision will be entered for the respondent.