PETER E. AND SHEILA R. BENJAMIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benjamin v. Commissioner
Docket No. 21673-92
United States Tax Court
T.C. Memo 1993-575; 1993 Tax Ct. Memo LEXIS 586; 66 T.C.M. (CCH) 1488; December 6, 1993, Filed *586 Decision will be entered under Rule 155. For petitioners: Timothy S. Harris. For respondents: Carlos Oviedo. MEMORANDUM OPINION NAMEROFF, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' Federal income tax for 1989 in the amount of $ 2,800. The sole issue for decision is whether disability retirement income received by petitioner Peter Benjamin was exempt from taxation under the provisions of section 104(a)(1). All of the facts have been stipulated and are so found. At the time of the filing of the petition herein petitioners resided in Culver City, California. Peter E. Benjamin (hereinafter petitioner) became employed as an accountant with the State of California on or about October 15, 1974, and separated from service *587 on or about November 21, 1987. Upon employment with the State, petitioner became a member of the California Public Employee's Retirement System ("PERS") on or about October 15, 1974. Petitioner was classified as a miscellaneous PERS member pursuant to Cal. Govt. Code section 21021 (West Supp. 1993). On or about September 21, 1987, petitioner incurred a medical disability in the course and scope of his employment which forced him to retire from his employment as a public employee. On or about March 1, 1988, PERS determined that petitioner was eligible for disability retirement. Sometime during 1989, PERS distributed to petitioner a disability retirement benefit in the amount of $ 10,208. Of this $ 10,208, PERS (on a Form W-2P) reported that $ 9,917.40 was includable in taxable income. (However, the parties have stipulated that 24.5 percent of petitioner's final monthly disability retirement benefits is attributable to previously taxed benefits. We presume, therefore, that a holding in respondent's favor will require a Rule 155 computation.) Petitioner reported the total distribution on a schedule attached to his 1989 Federal income tax return, but did not include any amount *588 thereof in gross income. The PERS disability retirement benefit in this case is calculated based on the following formula: a. "Years of service" are multiplied by a "benefit factor" of 1.8 percent; b. where "years of service" are greater than 10 years (but less than 18-1/2), "years of service" are increased to what they would have been had the PERS member retired at age 60 (PERS refers to this increase as "added service"); c. the product of the "years of service" and the "benefit factor" is in turn multiplied by "final compensation" to arrive at the disability retirement benefit. "Final compensation" is generally defined as the average monthly pay rate earnable over the last consecutive 36 months of work; d. a disability retirement benefit may not, however, exceed 33.3 percent of final compensation. Petitioner, with 13.106 years of service, plus 11.631 years of added service, was ultimately determined to be entitled to a monthly retirement benefit of $ 931.76, based upon the 33.3 percent of final compensation limitation. That benefit was further reduced to $ 850.70 to reflect petitioner's distribution option and his election of an "eligible survivor benefit". Section *589 104(a)(1) provides that gross income does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". The regulations provide, in pertinent part, that section 104(a)(1) also excludes amounts received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment." Sec. 1.104-1(b), Income Tax Regs. Clearly, the payment at issue was not made under a workmen's compensation act. [2] Therefore, the payment will only be exempt from taxation if made under a statute in the nature of a workmen's compensation act. A statute is in the nature of a workmen's compensation act only if it allows payments solely for service-related *590 injuries or sickness. Take v. Commissioner, 82 T.C. 630, 634 (1984), affd. 804 F.2d 553 (9th Cir. 1986). The PERS retirement statute differs in significant ways from a workmen's compensation act. Under the PERS retirement statute, an individual who has not yet attained the age of 60 may qualify for a disability retirement allowance only if he has served a minimum of 5 years of service before becoming disabled. Furthermore, benefits are calculated by taking into consideration years of service, age, and rate of compensation. See Waller v. United States, 180 F.2d 194, 196 (D.C. Cir. 1950). Thus, the statute does not purport to compensate an individual solely for service-related injuries or sickness. Moreover, we note that the regulations specifically state that section 104(a)(1) "does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness." Sec. 1.104-1(b), Income Tax Regs. (emphasis *591 added). Under Cal. Govt. Code section 20950 (West Supp. 1993), disability retirement benefits are determined by reference to age and length of service. Indeed, a member is entitled to a so-called disability retirement benefit only if he is credited with 5 years of service. We must, therefore, conclude that the benefits received by petitioner are not excludable from taxable income. Petitioners, in support of their position that no part of the $ 10,208 is taxable, rely on Sibole v. Commissioner, 28 T.C. 40 (1957). In Sibole, the payments received by the taxpayer in 1949 were made pursuant to the California State Employees' Retirement Law. We held therein, relying on Haynes v. United States, 353 U.S. 81 (1957), that such amounts constituted amounts received through health insurance as compensation for sickness within the meaning of section 22(b)(5) of the Internal Revenue Code of 1939 (hereinafter section 22(b)(5)). However, Sibole is not applicable to the instant case because the law which was applicable in that case has subsequently changed. Section 22(b)(5) did exclude from gross income "amounts received, *592 through accident or health insurance * * * for personal injuries or sickness". Similarly, section 104(a)(3) excludes from gross income "amounts received through accident or health insurance for personal injuries or sickness". However, it qualifies such exclusion by the following limitation: "(other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includable in the gross income of the employee, or (B) are paid by the employer)". The parenthetical qualification is a material change in the law from the 1939 Code. Thus the reasoning of Sibole applies herein to require exclusion from gross income of that part of the distribution not attributable to contributions by the employer which were not includable in the income of the employee when made. The parties have covered this allocation problem by stipulation. See Conroy v. Commissioner, 41 T.C. 685 (1964), affd. 341 F.2d 290 (4th Cir. 1965); Trappey v. Commissioner, 34 T.C. 407 (1960); see also sec. 1.72-15(c), Income Tax Regs.
To reflect the foregoing, *593 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. California has a separate Worker's Compensation Act under which State employees are covered. Cal. Lab. Code secs. 3300, 3351↩ (West 1989). However, this record does not indicate whether petitioner filed a separate claim under that act.