T.C. Summary Opinion 2001-136


UNITED STATES TAX COURT



D. LLOYD AND BETTY THOMAS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3672-00S.                    Filed September 5, 2001.


D. Lloyd and Betty Thomas, pro sese.

Elizabeth Owen, for respondent.


ARMEN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] All subsequent section references are to the Internal Revenue Code in effect for 1997, the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax for 1997 in the amount of $1,564.

After concessions by the parties,[2] the issues for decision are as follows:

(1) Whether petitioners may exclude from gross income disability benefits received by petitioner D. Lloyd Thomas. We hold that petitioners may exclude such benefits.

(2) Whether petitioners received interest on an overpayment of income tax for 1993. We hold that petitioners received such interest.

Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Copperas Cove, Texas, at the time that their petition was filed with the Court.

At all relevant times, petitioners utilized the cash receipts and disbursements method of accounting in computing their taxable income. See sec. 446(c)(1).

---

[2] Petitioners concede that in 1997 they were credited with interest on overpayments of income tax for 1992, 1994, and 1995 in the amounts of $49.86, $161.84, and $7.03, respectively, as determined by respondent in the notice of deficiency.

Respondent concedes that the deficiency determined in the notice of deficiency ($1,564) is overstated because of a computational error and that the correct amount of the deficiency is $1,451.

The parties agree that adjustments to petitioners' IRA deduction and Schedule A deductions are computational matters, the resolution of which depends on our disposition of the two disputed issues identified above.

A. Disability Benefits

Petitioner D. Lloyd Thomas (petitioner) was employed by the Texas Department of Criminal Justice as an associate clinical psychologist from August 1994 through February 1999.

In or about February 1997, petitioner suffered a herniated disk. Petitioner's injury was sufficiently severe as to require bed rest and home confinement for a continuous period of time that extended through July 1997.

During the first 2 months of his 6-month absence from work, petitioner utilized his accumulated sick leave and annual leave. After exhausting his leave, petitioner began receiving disability benefits. For the period from April 2 through July 30, 1997, petitioner received disability benefits in the amount of $4,964.

Petitioner received disability benefits pursuant to a plan of disability insurance that was sponsored by his employer. However, the premiums for such insurance were paid solely by petitioner with after-tax dollars. In this regard, petitioner specifically elected, in August 1994, not to pay the premiums for disability insurance with pre-tax dollars pursuant to "premium conversion". This election remained in effect throughout 1997.

Petitioners did not report on their Federal income tax return the disability benefits received by petitioner in 1997. In the notice of deficiency, respondent determined that such benefits were includable in petitioners' gross income for the

year in issue.

B. Interest Income

Petitioners overpaid their income tax for 1993. After a portion of the overpayment was apparently paid to another Federal agency, see sec. 6402(d), a balance of $1,077.98 remained as a credit in petitioners' account. Of this amount, $726.39 was subsequently applied against petitioners' Federal income tax liability for 1996, thereby leaving a balance of $351.59. In this regard, petitioners received a notice from respondent dated October 6, 1997, explaining how respondent applied the overpayment. This notice stated, in part, as follows:

How We Applied Your Overpayment

Amount Of Overpaid Tax On Your Return . . . . . $1,077.98
Amount Of Interest You Earned on Overpayment. .     $.00
Total Amount Due You  . . . . . . . . . . . . . $1,077.98
Total Amount Applied  . . . . . . . . . . . . .   $726.39

Amount You Will Receive As A Refund . . . . . .   $351.59
(Any Interest Due You Will Be Added)

On or about October 6, 1997, respondent issued a refund check to petitioners in the amount of $663.43. This amount consisted of tax in the amount of $351.59 and interest in the amount of $311.84.[3]

---

[3] Respondent's transcript of petitioner's account for 1993 shows that petitioners were credited with interest on the overpayment for 1993 as follows:

(continued...)

Petitioners reported no interest income on their 1997 Federal income tax return.  Respondent determined that petitioners received interest in 1997 in the amount of $311.84 on their overpayment of income tax for 1993.

Discussion

A. Disability Benefits

As a general rule, section 104(a)(3) excludes from an employee's gross income amounts received through accident or health insurance for personal injuries or sickness.  However, the section provides an exception for amounts received by an employee to the extent such amounts either are paid by the employer or are attributable to employer contributions that were not includable in the employee's gross income.[4]

Section 105(a) coordinates with section 104.  Rabideau v. Commissioner, T.C. Memo. 1997-230.  As a general rule, section 105(a) provides that amounts received by an employee through

---

[3](...continued)

| Date | Amount |
| --- | --- |
| 4/15/97 | $196.41 |
| 8/25/97 | 0.04 |
| 10/6/97 | 115.39 |
| | 311.84 |

[4] See Trappey v. Commissioner, 34 T.C. 407 (1960) (disability income is received through accident or health insurance for personal injuries or sickness within the meaning of sec. 104(a)(3)); see also sec. 105(e)(1) (for purposes of secs. 104 and 105, amounts received under an accident or health plan for employees are treated as amounts received through accident or health insurance); Chernik v. Commissioner, T.C. Memo. 1999-313.

accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts are either paid by the employer or are attributable to contributions by the employer that were not included in the employee's gross income.

At trial, we had the opportunity to observe petitioner, evaluate his demeanor, and assess his credibility. We found petitioner to be a credible witness, and we have no reason to question his veracity. Petitioner's testimony provides the evidentiary basis for our finding that petitioner specifically elected, in August 1994, not to pay the premiums for his disability insurance with pre-tax dollars pursuant to "premium conversion".

On brief, respondent states as follows:

> The determinative factual issue in this case is whether the premiums were contributed by petitioner on a pre-tax or after-tax basis. If they were paid out of pre-tax monies as respondent contends, then the disability benefits received by petitioner would be taxable. If, on the other hand, the disability insurance premiums were paid out of after-tax dollars as petitioners contend, then the disability benefits received by petitioner would not be taxable.

In view of our finding that petitioner paid the premiums for his disability insurance with after-tax dollars, we hold that the disability benefits received by petitioner in 1997 are excludable from gross income for that year. Sec. 104(a)(3). Accordingly, respondent's determination to the contrary is not sustained.

B. Interest Income

Petitioners admitted at trial that they received a refund check from respondent in 1997 and that such check pertained to the taxable year 1993. However, petitioners contend that they did not receive any interest. In this regard, petitioners rely on that part of the respondent's notice dated October 6, 1997, stating: "Amount Of Interest You Earned on Overpayment ... $.00". According to petitioners, this statement demonstrates that they neither received nor were credited with any interest on their 1993 overpayment of income tax. We disagree.

Petitioners read the notice dated October 6, 1997, myopically. That notice clearly states that in addition to the $351.59 of tax that petitioners would receive as a refund, "Any Interest Due You Will Be Added". In that regard, the record clearly demonstrates that respondent did, in fact, "add" interest to petitioners' refund, specifically $311.84, which was part of the $663.43 check that was issued on or about October 6, 1997. Accordingly, we hold that petitioners failed to report interest income in the amount of $311.84. Respondent's determination is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

In order to give effect to our disposition of the disputed issues, as well as the parties' concessions,

Decision will be entered under Rule 155.