T.C. Memo. 2002-236

UNITED STATES TAX COURT

ROBERT B. AND DAISY A. MILEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 683-00.                    Filed September 19, 2002.

Robert B. and Daisy A. Miley, pro se.

<u>C. Teddy Li</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency of $3,261
in petitioners' 1997 Federal income tax.  After concessions, the
sole issue for decision is whether petitioners may exclude from
income disability payments that petitioner Robert B. Miley
(petitioner) received under a disability policy in 1997.  We hold
that they may not.

Section references are to the Internal Revenue Code in effect for 1997. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A. Petitioners

Petitioners are married and resided in Glen Burnie, Maryland, when they filed their petition.

Petitioner worked for Hearth Home Doors, LLC (Hearth Home) in January 1997. He earned about $450 a week at that time. On his 16th day of work in 1997, petitioner was injured in an automobile accident. His injuries caused him to miss several months of work. He never returned to work for Hearth Home.

B. Petitioner's Disability Payments

Hearth Home was the plan holder for a disability insurance policy issued by Guardian Life Insurance Co. of America (Guardian) that covered petitioner. Guardian paid disability payments to petitioner totaling $7,618 from January 17 to July 17, 1997, less amounts Guardian withheld for Social Security and Medicare taxes.

C. Petitioners' 1997 Return

In February 1998, Hearth Home issued to petitioner a Form W-2, Wage and Tax Statement, which stated that he received $9,149 in wages in 1997. Petitioners did not report any income from

Hearth Home or Guardian on their 1997 tax return or attach the Form W-2 from Hearth Home to their 1997 return.

OPINION

Petitioners contend that Guardian's payments to petitioner of $7,618 were nontaxable disability benefits.[1]

Gross income includes all income from whatever source derived. Sec. 61(a). Exclusions from income are a matter of legislative grace and are construed narrowly. Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Taxpayers bear the burden of proving that they are entitled to exclude the amounts claimed.[2] Rule 142(a)(1).

---

[1] Respondent determined that petitioner received unreported income of $9,149, the amount that Hearth Home reported on the Form W-2 that it issued to petitioner for 1997. Of that amount, $7,618 was disability income and $1,531 was compensation that petitioner received from Hearth Home for the 15 days he worked in January 1997. Petitioners do not contend that the compensation for the 15 days is excludable from income.

[2] Petitioners do not contend that the burden of proof is on respondent under sec. 7491, nor have petitioners established that they complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

Disability benefits are excludable from gross income under section 104(a)(3)[3] or section 105(c)[4] if certain requirements are met.  However, as discussed next, we conclude that those requirements are not met.

---

[3]  SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.-- * * * gross income does not include--

* * * * * * *

(3) amounts received through accident or health insurance * * * for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (B) are paid by the employer);

[4]  Sec. 105(c) provides in part:

SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.

(c) Payments Unrelated to Absence From Work.-- Gross income does not include amounts referred to in subsection (a) to the extent such amounts--

(1) constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, his spouse, or a dependent (as defined in section 152), and

(2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work.

A.    Whether Petitioner's Disability Payments Are Excludable as Amounts Received Through Accident or Health Insurance

Gross income does not include amounts received through accident or health insurance for personal injuries or sickness to the extent those amounts are:  (1) Attributable to contributions by the employer which were includable in the gross income of the employee, or (2) paid by the employee.  Sec. 104(a)(3). Petitioner's disability payments were received through accident or health insurance for personal injuries or sickness for purposes of sections 104(a)(3) and 105(c).  See Trappey v. Commissioner, 34 T.C. 407, 408 (1960); Andrews v. Commissioner, T.C. Memo. 1992-668.  Thus, petitioner may exclude the disability payments under section 104(a)(3) if the payments were attributable to premiums paid by his employer that were included in petitioner's gross income.  Sec. 104(a)(3).  Similarly, petitioner may exclude disability payments if he paid the premiums for the disability policy.  Id.  If he did not pay the premiums and his employer's contributions were not included in his income, the disability payments are includable in income under section 105(a)[5] unless an exception applies.

_____

[5]  Sec. 105(a) provides in part:

SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS.

     (a) Amounts Attributable to Employer Contributions.--Except as otherwise provided in this

(continued...)

Petitioner testified that he paid premiums of $3 per pay period for his disability policy.  His testimony does not establish that the disability payments he received in 1997 were attributable solely to contributions he made to the disability policy or that the disability payments were not attributable in whole or part to contributions by Hearth Home for the policy.[6] There is no evidence that the Hearth Home contributions were included in petitioner's income.

B.   Whether Petitioner's Disability Payments Are Excludable as Payments for Permanent Loss or Disfigurement

Gross income does not include disability benefits to the extent that they constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, sec. 105(c)(1), and are computed with reference to the nature of the injury without regard to the period the taxpayer is absent from work, sec. 105(c)(2). Petitioners do not contend that the disability payments are

_____

[5](...continued)
section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

[6]  There is no evidence of what portion of the premiums petitioner's $3 contribution per pay period represents.

excludable under section 105(c)(1).  We conclude that the disability payments petitioner received in 1997 are not excludable from petitioners' income under section 105(c).

C.    Conclusion

Petitioner's disability payments are includable in income under section 105(a) and are not excludable from income under section 104(a)(3) or section 105(c).  Thus, petitioners underreported their 1997 income by $9,149.

<u>Decision will be</u>

<u>entered for respondent</u>.