**William E. CONROY, Jay C. Dobbs, James W. Jenkins and Charles J. Tauter, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 9528.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1965.

Decided Jan. 12, 1965.

W. Carroll Parks, Baltimore, Md., for petitioners.

Herbert Grossman, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, on brief), for respondent.

Before HAYNSWORTH, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

PER CURIAM.

We concur in the judgment of the Tax Court that the proceeds received by these taxpayers from the Special Fund of the Baltimore City Police Department were includable in their gross income for federal income taxation purposes. In order for the taxpayers to prevail in their contention that these proceeds were excludable from gross income under the provisions of § 104(a) (3) read in conjunction with § 105(e), it would be necessary for us to reach the following conclusions:

(a) that the Special Fund here involved qualified as an accident and health insurance plan;

(b) that the payments received were for personal injuries or sickness; and

(c) that the payments were not attributable to contributions by the employer of the taxpayers.

We find it unnecessary to decide (a) and (b) above, because we are of the opinion that the employer of these taxpayers, at least as that word is used in § 104(a) (3), was the City of Baltimore, which concededly appropriated the funds for the salaries of all the members of the Baltimore police force on active duty and contributed to the Special Fund most of the money from which payments were made to former members of the Baltimore City Police Department. This being true, and it also appearing that the taxpayers did not satisfy the apportionment obligation placed upon them by § 1.72–15(c) of the Treasury Regulations, all the proceeds received by the taxpayers were required to be treated as having been funded by their employer's contributions. Finally, we agree with the Tax Court that under the circumstances here these proceeds were not excludable from gross income under § 105 (d).

We think the Commissioner's action in assessing the deficiencies for the years in question was proper, and the decision of the Tax Court is affirmed.

Affirmed.