RUFE ROBBINS and LENORA ROBBINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robbins v. Commissioner
Docket Nos. 11314-77, 1608-78.
United States Tax Court
T.C. Memo 1980-191; 1980 Tax Ct. Memo LEXIS 391; 40 T.C.M. (CCH) 423; T.C.M. (RIA) 80191; June 2, 1980, Filed Jack Keyes, for the petitioners. Frank Simmons, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $449.78 and $362.00 in petitioners' Federal income tax for the years 1975 and 1976, respectively. The only issue for determination in this case is whether petitioners are entitled to an exclusion, beyond that allowed by respondent, of part of amounts received by petitioner-husband as a retirement pension. FINDINGS OF FACT Some of the facts have been stipulated and are so found. During 1975 and 1976, and at the time of filing the petitions herein, Rufe Robbins (hereinafter petitioner) and Lenora Robbins were residents of Bessemer, Ala.
Petitioner had been a salaried employee of United States Steel Corporation (hereinafter U.S. Steel) for approximately 37 years when he was placed on sick leave on March 8, 1974. After that date petitioner did not work again, and he retired on September 30, 1974, at age 55. When he retired petitioner was fully, totally, and permanently disabled. At that time, the mandatory retirement age for salaried employees of U.S. Steel was 65. In *394 1947 petitioner was enrolled in a noncontributory pension plan for U.S. Steel employees. Later, in 1957, he became eligible and elected to participate in an additional pension plan to which both he and his employer contributed (the contributory plan). At the time of his retirement, petitioner and other participants in this plan were contributing 1-1/2 percent of their compensation, and U.S. Steel provided the additional amounts necessary to provide the benefits for the contributory plan. An example in a U.S. Steel booklet describing the contributory pension indicates that a male participant who began making contributions in 1972 was guaranteed to receive, upon retirement at 65 after 30 years of service, approximately five times his contributions. Given a normal lifespan, such a participant could expect to receive in excess of 12 times his contributions. During his years of employment with U.S. Steel, petitioner contributed a total of $6,712.86 to the contributory pension plan. Under the rules of the noncontributory pension plan, as in effect on September 30, 1974, any plan participant with at least 15 years of continuous service who became permanently incapacitated before age *395 65 was eligible, after being totally disabled for 6 months, to retire and collect a pension. The contributory pension plan rules, as then in effect, provided that a participant in the contributory plan would be eligible for a pension upon retirement before age 65 if, and only if, he qualified for a pension under the provisions of the noncontributory plan. During 1975 and 1976 petitioner received the following amounts as retirement pension from U.S. Steel's pension fund. 1975
1976
Noncontributory pension
$5,433.46
$5,673.72
Contributory pension
2,750.40
3,188.76
Total
$8,183.86
$8,862.48
On their income tax returns for 1975 and 1976 petitioners excluded $5,200 of the above amounts as sick pay under the provisions of section 105(d). [1] They also excluded from income for these years under section 72(d) the respective amounts of $2,750.40 and $3,188.76 received under the contributory pension. Respondent allowed the sick pay exclusion but disallowed the exclusion of the contributory pension in the full amount each year. *396 OPINION The sole issue in this case is whether petitioners are entitled to an exclusion, in addition to a sick pay exclusion under section 105(d), of a part of amounts received as a retirement pension in 1975 and 1976. Petitioners contend that they received payments under two separate and distinct pension plans and that they applied the sick pay exclusion to amounts received under the noncontributory plan. They further argue, among other things, that they are entitled to an additional exclusion of payments received from the contributory plan under either section 104 or section 72(d). We disagree and for reasons below find that petitioners are entitled to no exclusion beyond that allowed by respondent. Section 105(a) provides generally that gross income includes amounts received by an employee through accident or health insurance for personal injuries or sickness to the extent such amounts are attributable to employer contributions. [2] An exception to the general rule of subsection (a) is found in section 105(d), which provides in part as follows: *397 (d) Wage Continuation Plans. -- Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness, but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. * * * [3]
Thus subsection (d) allows a limited exclusion ($100 per week) for sick pay which would otherwise be includable in income under section 105(a). This exclusion applies to disability retirement payments which are attributable to employer contributions. Winter v. Commissioner, 36 T.C. 14 (1961), *398 affd. 303 F.2d 150 (3d Cir. 1962). At least a portion of the payments received here by petitioner qualify under section 105(a) and (b), and respondent has allowed the maximum exclusion as provided in the statute. Section 104(a)(3), containing language similar to that in section 105(a), provides for exclusion of amounts received through accident or health insurance for personal injuries or sickness to the extent such amounts are attributable to other than employer contributions. [4] This section applies to that part of disability retirement pay which is not attributable to employer contributions. Trappey v. Commissioner, 34 T.C. 407 (1960). *399 In the case of disability retirement benefits paid under a contributory pension plan (such as petitioner's herein) to which both the employer and the employee have made contributions, sections 104(a) and 105 both come into play. That portion of petitioner's disability retirement pay from the contributory plan which was attributable to U.S. Steel's contributions is covered by section 105. Sec. 1.104-1(d), Income Tax Regs.
To be entitled to an exclusion under section 104(a)(3), petitioners, who bear the burden of proof (Rule 142(a), Tax Court Rules of Practice and Procedure) must show what portion, if any, of the benefits received under the contributory plan was attributable to petitioner's own contributions and what portion was attributable to the employer's contributions. However, in contrast to Trappey v. Commissioner, supra, petitioners herein have attempted no such showing. Nor have they provided us with any basis on which we could determine that the disability retirement benefits they received were attributable to employee contributions. In fact, the record indicates that petitioner could expect over his lifetime to receive contributory pension benefits *400 totaling many times his contributions. In addition, section 1.72-15(c)(2), Income Tax Regs., [5] provides that where the plan does not expressly state the portion of employee contributions used to provide the disability retirement benefits, "it will be presumed that none of the employee contributions is used to provide such benefits." See Conroy v. Commissioner, 41 T.C. 685, 692 et seq. (1964), affd. per curiam 341 F.2d 290 (4th Cir. 1965). Therefore it must follow that all of petitioner's pension benefits from both plans in the years in issue were attributable to employer contributions and that they are not entitled to exclude any portion of the benefits in those years under section 104.
*401 Petitioners contend that they are entitled to exclude a portion of petitioner's pension in 1975 and 1976 under section 72 as a return of his investment. Section 72, which under section 402(a) generally applies to distributions from a qualifying pension plan, provides rules designed to exclude from taxation roughly that portion of retirement benefits which represent a recipient's contributions. However, section 72 does not apply to any amount received as an accident or health benefit described in section 104 and 105 (Sec. 1.72-15(b), Income Tax Regs.), and we have determined that for 1975 and 1976 petitioner's disability retirement benefits from both plans fall into that category. Petitioners have no option, for the years in issue, [6] to treat the payments as anything other than accident of health benefits. Nor are petitioners entitled to split the payments received and in the same year treat part of their pension receipts as accident health benefits under section 105 and part as recovery of contributions under section 72. DePaolis v. Commissioner, 69 T.C. 283, 287 (1977). This conclusion is dictated by section 1.72-15(d), Income Tax Regs., which provides in *402 part as follows: (d) Accident or health benefits attributable to employer contributions. Any amounts received as accident or health benefits and not attributable to contributions of the employee are includible in gross income except to the extent that such amounts are excludable from gross income under section 105(b), (c), or (d) and the regulations thereunder. Thus, such amounts may be excludable under section 105(d) as payments under a wage continuation plan.However, if such payments, when added to other such payments attributable to employer contributions, exceed the limitations of section 105(d), then the excess is includible in gross income under section 105(a). Such excess is not excludable under section 72. * * * [Emphasis added.] As the Court said in Brownholtz v. Commissioner,71 T.C. 332, 337 (1978): Section 105(a) is intended to tax an employee on wage continuation benefits provided by untaxed employer contributions when received during a period of absence from work due to sickness, subject to the limited sick pay exclusion exception. If section *403 72 were to apply in a case such as this, the very amounts that section 105(a) seeks to tax could be treated as recovery of cost, and thus escape taxation. To resolve this conflict between sections 72 and 105, it seems reasonable to construe section 105, specifically directed to the taxation of sick pay, as superseding the general provisions of section 72, which do not expressly address that problem. [Citations and fn. ref. omitted.] See also Woodford v. Commissioner, 71 T.C. 991 (1979). Although petitioners are not entitled in 1975 and 1976 to the cost recovery exclusion provided by section 72(d), they will be entitled to such exclusion in due time, when petitioner reaches mandatory retirement age. DePaolis v. Commissioner, supra, at 287; sec. 1.72-15, example (1), Income Tax Regs.[7]
Having considered *404 the other arguments made by petitioners and having found them to be without merit, we hold that petitioners are not entitled to an exclusion under either section 104 or section 72. Accordingly, Decisions will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect in the years in issue.↩
2. SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions. -- Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.↩
3. Sec. 105(d) read as above for both years in issue. Although an amendment to sec. 105(d) by sec. 505(a) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1566, was originally effective for taxable years beginning after Dec. 31, 1975, the effective date was delayed one year by sec. 301(a) of the Tax Reduction and Simplication Act of 1977, Pub. L. 95-30, 91 Stat. 151. Our decision herein is based, of course, on the sec. 105 as in effect in 1975 and 1976 and not on any retroactive application of amendments to that section.↩
4. SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS. (a) In General. -- Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include -- * * *
(3) amounts received through accident or health insurance for personal injuries or sickness (other than the amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employer, or (B) are paid by the employer); * * *↩
5. Sec. 1.72-15, Income Tax Regs., provides in part as follows: Sec. 1.72-15. Applicability of section 72 to accident or health plans. (a) Applicability of section.This section provides the rules for determining the taxation of amounts of received from an employer-established plan which provides for distributions that are taxable under section 72 * * * and which also provides for distributions that may be excludable from gross income under section 104 or 105 as accident or health benefits. * * * * * *
(c) Accident or health benefits attributable to employee contributions. * * * (2) In determining the taxation of any amounts received as accident or health benefits from a plan to which this section applies, the first step is to determine the portion, if any, of the contributions of the employee which is used to provide the accident or health benefits, and the portion of the accident or health benefits attributable to such portion of the employee's contributions. If such a plan expressly provides that the accident or health benefits are provided in whole or in part by employee contributions and the portion of employee contributions to be used for such purpose, the contributions so used will be treated as used to provide accident or health benefits. However, if the plan does not expressly provide that the accident or health benefits are to be provided with employee contributions and the portion of employee contributions to be used for such purpose, it will be presumed that none of the employee contributions is used to provide such benefits. Thus, in the case of a contributory pension plan, it will be presumed that the disability pension is provided by employer contributions, unless the plan expressly provides otherwise. * * *↩
6. Compare sec. 105(d)(6), as in effect for taxable years beginning after Dec. 31, 1976.↩
7. Petitioners argue that petitioner might die without recovering his contributions to the pension plan. This is a risk of the method of taxation which Congress has provided in sec. 72. However, this risk does not invalidate sec. 72 or the regulations thereunder. Brownholtz v. Commissioner, 71 T.C. 332, 338↩ (1978).