SAMUEL CHOSIAD and RUTH G. CHOSIAD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chosiad v. Commissioner
Docket No. 9632-78.
United States Tax Court
T.C. Memo 1980-408; 1980 Tax Ct. Memo LEXIS 165; 40 T.C.M. (CCH) 1305; T.C.M. (RIA) 80408; September 22, 1980, Filed Samuel Chosiad, pro se. Harry Beckhoff, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency of $1,370.27 in petitioners' Federal income tax for 1975. The only issue for decision is whether petitioners are entitled to exclude under section 104(a)(3)[1] any part of the disability retirement annuity payments received by petitioner-husband in 1975. All of the facts have been stipulated and are so found. Petitioners, Samuel Chosiad and Ruth G. Chosiad, were residents of Sun City, Ariz., at the time of filing their petition herein. Samuel Chosiad (hereinafter *167 petitioner) was employed in various capacities in the Civil Service of the United States from September 29, 1919, until he retired on disability on January 31, 1960. At the time of his retirement, petitioner was 58 years of age and had nearly 41 years of qualifying employment under the Federal Civil Service Retirement Act. In 1975, the mandatory retirement age for a Federal Civil Service employee with 15 years of service was 70 years of age. Petitioner attained that age on March 23, 1971, the was 74 years of age in 1975, the year in issue. Petitioner's aggregate compensation received while working under the Civil Service Retirement Act was $220,106.15, of which he contributed $10,987.52 to the Civil Service Retirement and Disability Fund (hereinafter the Fund). In 1975, petitioner received annuity payments from the Fund of $16,107. Petitioner excluded $5,813.82 from his gross income as the portion of the payments attributable to his contributions to the Fund. Petitioner calculated his figure as follows: 1. Aggregate compensation received by
petitioner from the inception of the
Civil Service Retirement Act on
August 1, 1920, until the date of
his retirement in 1960
$220,106.15
2. "Cost" of petitioner's retirement
benefits based upon estimation by
the Chief Actuary of the United States
Civil Service Commission that the cost
of the Civil Service Retirement System
was 13.83% of the total payroll at the
time of petitioner's retirement in 1960
($220,106.15 x 13.83%)
$ 30,440.68
3. Petitioner's contribution to the Fund
$ 10,987.52
4. Petitioner's contribution as percentage
of cost ($10,987.52./. $30,440.68)
36.095%
5. Annuity received by petitioner in 1975
$ 16,107.00
6. Portion of petitioner's 1975 annuity
attributable to his own contributions
($16,107.00 x 36.095%)
$ 5,813.82
*168 Petitioner recovered all his contributions to the Fund before 1975. In his statutory notice of deficiency, respondent included petitioner's entire 1975 annuity payment thereby increasing his taxable income for that year by $5,813.82. The only issue for decision is whether petitioner is entitled to exclude under section 104(a)(3) any part of the disability retirement annuity payments he received in 1975. Petitioner retired on disability in 1960 and reached his mandatory retirement age of 70 in 1971. Respondent contends that when petitioner reached his mandatory retirement age the payments he received became subject to the provisions of section 72(d) and could no longer be treated under sections 104 and 105. Petitioner maintains that regardless of his reaching his mandatory retirement age, a portion of the payments he received are excludable under section 104(a)(3) as accident or health benefits attributable to his contributions. We find for respondent for the reasons below. An understanding of the Federal income tax treatment of disability retirement annuity payments requires a careful analysis of sections 72, 104, and 105 and, more particularly, the regulations thereunder. *169 Section 104 and 105 complement each other. Section 104(a)(3)[2] excludes from an employee's gross income amounts received through accident or health insurance for personal injuries or sickness, except to the extent such amounts are attributable to employer contributions. Section 105(a)[3] includes in gross income (subject to section 105(b), (c), and (d)) those amounts not excluded under section 104(a)(3). Thus, as a general rule, section 104 excludes from gross income accident or health benefits attributable to an employee's contributions, and section 105 includes in gross income those benefits attributable to employer contributions. In order to determine what portion of benefits received is attributable to employer contributions, section 1.104-1(d), Income Tax Regs., refers to section 1.105-1, Income Tax Regs.
*170 Section 1.105-1(c)(3), Income Tax Regs., deals with contributory plans which provide benefits in addition to accident or health benefits. The Civil Service Retirement and Disability Fund provides both accident or health benefits and other benefits such as service retirement annuities. [4] See Woodford v. Commissioner, 71 T.C. 991 (1979); Brownholtz v. Commissioner, 71 T.C. 332 (1978); DePaolis v. Commissioner, 69 T.C. 283 (1977). Therefore, benefits paid by the Fund fall within the purview of section 1.105-1(c)(3), Income Tax Regs.Section 1.105-1(c)(3), [5] Income tax Regs., provides that the portion of accident or health benefits attributable to employer contributions is determined under section 1.105-1(d) or (e)except as provided in section 1.72-15(c)(2), Income Tax Regs.; therefore, we must examine that section. *171 Section 1.72-15, Income Tax Regs., provides rules for determining the taxation of amounts received from a plan if the plan distributes amounts as annuities taxable under section 72 and also distributes accident or health benefits that may be excludible under sections 104 or 105. Since the Civil Service Retirement and Disability Fund is a plan which provides accident or health benefits and also provides annuity benefits which are subject to the rules of section 72, section 1.72-15, Income Tax Regs., is applicable. Section 1.72-15(c)(2), Income Tax Regs., provides: (c) Accident of health benefits attributable to employee contributions. * * * (2) In determining the taxation of any amounts received as accident or health benefits from a plan to which this section applies, the first step is to determine the portion, if any, of the contributions of the employee which is used to provide the accident or health benefits and the portion of the accident or health benefits attributable to such portion of the employee's contributions. If such a plan expressly provides that the accident or health benefits are provided in whole or in part by employee contributions and the portion of *172 employee contributions to be used for such purpose, the contributions so used will be treated as used to provide accident or health benefits. However, if the plan does not expressly provide that the accident or health benefits are to be provided with employee contributions and the portion of employee contributions to be used for such purpose, it will be presumed that none of the employee contributions is used to provide such benefits. Thus, in the case of a contributory pension plan, it will be presumed that the disability pension is provided by employer contributions, unless the plan expressly provides otherwise. * * * [Emphasis supplied.] In short, when presented with a contributory plan which provides accident or health benefits and service retirement benefits, it is presumed that the health or accident benefits are attributable to employer contributions unless the plan expressly provides otherwise. The Civil Service Retirement and Disability Fund, 5 U.S.C. secs. 8331-8348 (1976), makes no such express provision, and petitioner has presented no evidence concerning the inner workings of the Fund to rebut the regulations' presumption. The calculations *173 presented by petitioner only show a percentage of his benefits which might be attributable to his contributions. They do not demonstrate that any health or accident benefits are actually provided by employee contributions which is what section 1.72-15(c)(1), Income Tax Regs., requires. [6]
Since amounts petitioner received are treated as not being attributable to employee contributions, they are includable in gross income under section 105(a) except to the extent such amounts are excludable under section 105(d). Sec. 1.72-15(d), Income Tax Regs.Section 105(d) provides a limited exception to the general rule that gross income *174 includes amounts received through accident or health insurance for personal injuries or sickness which are attributable to employer contributions if the amounts are in lieu of wages while the employee is absent from work. [7] However, petitioner can claim no exclusion under section 105(d) because it is not applicable to an employee who has reached mandatory retirement age. Sec. 1.105-4(a)(3)(i)(A), Income Tax Regs.; Jones v. Commissioner, 71 T.C. 128 (1978); Conroy v. Commissioner, 41 T.C. 685 (1964), affd. per curiam 341 F.2d 290 (4th Cir. 1965). See Reardon v. United States, 491 F.2d 822 (10th Cir. 1974). Disability retirement annuity payments subject to section 105(d) before the recipient reaches his mandatory *175 retirement age become subject to section 72 when he reached mandatory retirement age. Sec. 1.72-15(f), example (1), Income Tax Regs.; DePaolis v. Commissioner, 69 T.C. 283 (1977). Section 72(d) provides in part: (d) Employees' Annuities-- (1) Employee's contributions recoverable in 3 years.--Where-- (A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employer, and (B) during the 3-year period beginning on the date (whether or not before January 1, 1954) on which an amount is first received under the contract as an annuity, the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee, then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded (under this paragraph and prior income tax laws) an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income. Thus, section 72(d) provides for exclusion after mandatory retirement *176 age of amounts equal to the annuitant's actual contributions if all such amounts can be recovered in three years. In the instant case, petitioner attained his mandatory retirement age in 1971 and fully recovered his contributions before 1975; therefore, no section 72(d) exclusion is available for him in 1975. For the above reasons, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. SEC. 104. COMPENSATION FOR INJURIES OF SICKNESS. (a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include-- (3) amounts received through accident of health insurance for personal injuries or sickness (other than amounts received by an employee, to the extent such amounts (A) are attributable to contributions by the employer which were not includible in the gross income of the employer, or (B) are paid by the employer); * * * ↩
3. SEC. 105. AMOUNTS RECEIVED UNDER ACCIDENT AND HEALTH PLANS. (a) Amounts Attributable to Employer Contributions.-- Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.↩
4. We use the term "service retirement" in a general sense to denote retirement based on age or years of service as contrasted with "disability retirement" used to denote retirement due to physical impairment. ↩
5. Sec. 1.105-1(c)(3) provides: (3) Except as provided in paragraph (c)(2) of sec. 1.72-15↩, if the plan provides accident or health benefits as well as other benefits for the employees, and if the respective contributions made by the employer and the employees to provide the accident or health benefits cannot be ascertained, the determination of the portion of the accident or health benefits received under such plan which is attributable to the contributions of the employer shall be made in accordance with the rules of paragraph (d) or (e) of this section on the basis of the contributions of the employer and of the employees to the entire plan. [Emphasis supplied.]
6. Petitioner's calculations come closer to fitting the test provided by sec. 1.105-1(e), Income Tax Regs., for determining the actual portion of accident or health benefits attributable to employer contributions; however, when presented with an annuity payment under a plan which provides more than accident or health benefits, that test only operates after a determination has been made under sec. 1.72-15(c)(2), Income Tax Regs., that any accident or health benefits are attributable to employee contributions. See sec. 1.72-15(c)(4), Income Tax Regs.↩
7. Sec. 105(d) provides in part: (d) Wage Continuation Plans.--Gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of personal injuries or sickness; but this subsection shall not apply to the extent that such amounts exceed a weekly rate of $100. * * *↩