ESTATE OF LEONARD O. OLSEN, DECEASED, MARGARET M. OLSEN, EXECUTRIX, and MARGARET M. OLSEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Olsen v. Commissioner
Docket No. 8475-85.
United States Tax Court
T.C. Memo 1989-50; 1989 Tax Ct. Memo LEXIS 49; 56 T.C.M. (CCH) 1199; T.C.M. (RIA) 89050; February 2, 1989. Kent E. Olsen and Charles H. Sabes, for the petitioners. Douglas K. Chang, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: Respondent determined a deficiency in the amount of $ 14,861.21 in petitioner Margaret Olsen's and the decedent Leonard O. Olsen's Federal income tax liability for 1981. After settlement of some issues, the issue remaining for decision is whether certain payments received by the decedent *50 are excludable from gross income. All of the relevant facts have been stipulated, and this case has been submitted under Rule 122. [1] Petitioner, Margaret Olsen, and the decedent were residents of California at the time the petition was filed. Beginning in 1959, the decedent was employed for 16 years by the Federal Government as a physics professor at the U.S. Naval Post Graduate School in Monterey, California. In 1972, decedent suffered a heart attack but was thereafter able to continue employment for three years. In July of 1975, decedent suffered a second heart attack, as a result of which decedent became permanently disabled and could not continue teaching. Because of his disability, decedent applied for and was granted permanent disability status by the U.S. Civil Service Commission in December of 1975. Thereafter through 1981, decedent received from the Civil Service Retirement Commission disability retirement payments. The payments were received in the *51 form of annuity payments under the provisions of 5 U.S.C. sec. 8331 et seq. (1982). In 1981, decedent received a total of $ 13,179 in such disability retirement payments. On decedent's and petitioner Margaret Olsen's 1981 Federal income tax return, the $ 13,179 in disability retirement payments were not included as taxable income. On audit, respondent determined that the payments did not qualify for exclusion from income under section 105(c)(2). Generally, amounts received through an accident or health insurance plan for personal injuries or sickness are included in the recipient's gross taxable income. Sec. 105(a). However, amounts normally includable in gross income under section 105(a) may be excluded if the requirements of section 105(c)(2), among other requirements, are satisfied. To qualify for the section 105(c)(2) exclusion, benefit payments must be "computed with reference to the nature of the injury without regard to the period the employee is absent from work." Sec. 105(c)(2). In a recent opinion, the Ninth Circuit explained this requirement as follows: To accomplish the congressional purpose of excluding only those payments that compensate *52 for permanent losses of bodily function, the nature-of-the-injury requirement is best read to require that benefits vary according to the type and severity of a person's injury. Only then are the payments and the injury sufficiently related to reflect the compensatory purpose required by section 105(c). * * * [Beisler v. Commissioner,814 F.2d 1304, 1308 (9th Cir. 1987), affirming a Memorandum Opinion of this Court.] The payments at issue in Beisler were received from the National Football League Player Retirement Plan. Because the nature and amount of the payments at issue in Beisler were not sufficiently related to the nature of the specific disabilities incurred, the Ninth Circuit held that the payments did not qualify for the section 105(c)(2) income exclusion. In Hines v. Commissioner,72 T.C. 715 (1979), we held that payments received by an ex-pilot from a disability plan of a commercial airline did not qualify for the section 105(c)(2) exclusion because payments under the plan were the same regardless of the nature and severity of the particular injuries causing the disabilities. We explained that -- The benefits, however, *53 do not vary according to the type of injury received and a pilot who has a heart attack is entitled to the same benefits as one who suffers a mental breakdown or loses a limb. Thus, the payments are not computed with reference to the nature of the injury. [Hines v. Commissioner, supra at 720.] The legislative history of section 105(c) illustrated the type of payments that were intended to qualify for the exclusion under section 105(c)(2), as follows: The following example will illustrate the kind of payments excludible from gross income under this subsection. Assume that under the plan of an employer payments equal to 25 percent of annual compensation are made to employees for loss of a leg. The $ 10,000 employee would therefore receive a payment of $ 2,500 and the $ 4,000 employee would receive a payment of $ 1,000. These amounts would be excludible from gross income * * *. [S. Rept. No. 1622, 83d Cong., 2d Sess. 183-184. Also quoted in Rosen v. United States,829 F.2d 506, 510 (4th Cir. 1987).] In Maller v. Commissioner,T.C. Memo. 1984-614, the taxpayer's situation was very similar to that of the decedent herein. *54 The taxpayer in Maller had qualified for a disability retirement under the provisions of the Civil Service Retirement Act, 5 U.S.C. sec. 8331 et seq. (1982). In holding that the taxpayer's disability retirement payments did not qualify for the section 105(c)(2) exclusion, we stated that benefits paid under both the "voluntary retirement and disability retirement [provisions of that act] are computed in the same manner based solely upon the retiree's compensation and length of service." 49 T.C.M. 157, 158, 53 P-H Memo T.C. par. 84,614 at 84-2497. The above authority controls the resolution of the issue in this case. The provisions of the Civil Service Retirement Act governing the payments decedent received in connection with his disability retirement do not correlate the type and amount of disability payments with the particular type of injury causing the disability. Petitioners argue that for purposes of section 105(c)(2) adequate distinctions are made under the Civil Service Retirement Act in that minor injuries do not qualify for any benefits, recovery from disabilities may result in termination of benefit payments, and only permanent *55 disabilities result in permanent benefit payments. These distinctions are not the type of specific, injury-related-distinctions contemplated by section 105(c)(2). For the reasons stated, disability retirement payments received by decedent in 1981 do not qualify for exclusion from decedent's 1981 taxable income. Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to Tax Court Rules of Practice and Procedure, and unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩