ROBERT M. AND SARAH E. CAREY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carey v. Commissioner
Docket No. 23735-90.
United States Tax Court
T.C. Memo 1992-338; 1992 Tax Ct. Memo LEXIS 365; 63 T.C.M. (CCH) 3134; June 15, 1992, Filed *365 An order denying petitioners' motion for an award of reasonable administrative and litigation costs and a decision in accordance with the agreement of the parties will be entered. Robert M. Carey, pro se. Richard T. Ainsworth, for respondent. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This matter is before the Court on petitioner's motion for an award of reasonable administrative and litigation costs pursuant to section 7430 [1] and Rule 231. In a notice of deficiency dated August 2, 1990, respondent determined a deficiency for the taxable year 1987 in the amount of $ 1,618. The primary issue placed in dispute by the timely filed petition was whether a workman's compensation award paid to petitioner Sarah E. Carey (hereinafter petitioner) was taxable. This case was originally set for trial for October 21, 1991. *366 Prior to trial, respondent filed a motion to continue on the basis that respondent needed additional time to obtain and review certain information. Petitioners did not object to the continuance and on October 7, 1991, the Court granted respondent's motion for continuance. The case was again set for trial on January 13, 1992. In December 1991, the parties arrived at a basis of settlement and in February 1992 a stipulation of settled issues was filed reflecting no deficiency and no overpayment. The primary issue in this case involves the taxability of $ 10,580 received by petitioner from the Standard Insurance Company of Portland, Oregon. The payor issued a Form W-2P in said amount to petitioner for 1987. Petitioner did not reflect this amount on the jointly filed Federal income tax return. Respondent alleges that petitioner failed to respond to respondent's initial inquiry for information and thus a notice of deficiency was issued. During the fall of 1991, petitioner had discussions with respondent's Appeals Office concerning the issue. In late October or early November 1991, a paralegal in respondent's office reviewed information obtained from the California Workman's Compensation *367 Appeals Board and determined that respondent should concede the issue. Settlement documents reflecting the concession were forwarded to petitioners within a few weeks. Section 7430(a) provides that in the case of any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty, the prevailing party may be awarded a judgment for (1) reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and (2) reasonable litigation costs incurred in connection with such court proceeding. [2]
In general, a prevailing party may be awarded reasonable administrative and reasonable *368 litigation costs if the party has: (1) Exhausted the administrative remedies; (2) established that respondent's position in the proceeding was not substantially justified; (3) substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; (4) established that the prevailing party's net worth did not exceed $ 2 million at the time the proceeding was commenced; and (5) not unreasonably protracted any portion of the proceeding. Sec. 7430(b). Petitioners' primary argument appears to be that respondent should have been aware of this issue because of the examination of tax returns for prior years. Petitioners allege that they have responded to all inquiries and that respondent should have conceded this matter at an earlier point. Respondent agrees that petitioners have "substantially prevailed", that petitioners have not unreasonably protracted the proceedings, and that petitioners have exhausted their administrative remedies. Respondent, however, denies that her position was "not substantially justified" and further argues that petitioners have not shown that their net worth is less than $ 2 million as required *369 by the statute. At the outset, we note that the statute operates to cover actual expenditures made with regard to representation. Thus, a pro se petitioner cannot recover fees for self-representation, even when he is an attorney at law. United States v. McPherson, 840 F.2d 244 (4th Cir. 1988); Frisch v. Commissioner, 87 T.C. 838 (1986). "Position of the United States" is defined by the statute as: (A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and (B) the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of -- (i) the date of the receipt by the taxpayer or the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency. [Sec. 7430(c)(7).] Since petitioners' motion seeks administrative costs as well as litigation costs, the position under scrutiny in this case is that taken by respondent as of the date of her notice of deficiency issued to petitioners, which was August 2, 1990. [3]Lewis v. Commissioner, T.C. Memo. 1990-522. The Court must determine whether *370 respondent's position was not substantially justified from that date forward. Whether respondent's position was not substantially justified turns on a finding of reasonableness based upon all the facts and circumstances, as well as legal precedents relating to the case. Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861 F.2d 131 (5th Cir. 1988). The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." Wasie v. Commissioner, 86 T.C. 962, 969 (1986). Reasonableness of respondent's position and conduct necessarily requires consideration of what respondent knew at the time. Rutana v. Commissioner, 88 T.C. 1329, 1334 (1987); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). The fact that respondent eventually loses or concedes *371 the case does not establish an unreasonable position. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Baker v. Commissioner, 83 T.C. 822, 828 (1984), revd. on other issues 787 F.2d 637 (D.C. Cir. 1986). Petitioner has the burden of establishing that respondent's position was not substantially justified. Rule 232(e). A review of this record reflects that from the date of issuance of the notice of deficiency, August 2, 1990, and upon the filing of the petition, respondent took reasonable steps to resolve this matter. Based on the facts available as of the date of the issuance of the notice of deficiency, respondent was justified in believing that the payments did not qualify for exclusion under section 105. Beisler v. Commissioner, 814 F.2d 1304, 1308 (9th Cir. 1987) (rehearing en banc), 787 F.2d 1325 (9th Cir. 1986), affg. T.C. Memo. 1985-25; Estate of Olsen v. Commissioner, T.C. Memo. 1989-50. It was through respondent's examination of third party material that she was able to ascertain the relevant facts. After the notice of deficiency was issued and *372 after the petition was filed, respondent communicated with petitioners and took steps to obtain information from third party sources. Once respondent concluded that petitioner might qualify for an exclusion, appropriate documents were prepared and executed reflecting the concession. We are satisfied that, as of the date of the notice of deficiency, substantial authority existed for respondent's position. It was only after additional inquiries by respondent's counsel that facts became known to warrant a concession. Based on the foregoing, we conclude that petitioners have not shown that respondent's actions were not reasonable. We therefore find that respondent's position in this case was substantially justified. [4]
To reflect the foregoing, An order denying petitioners' motion for an award of reasonable administrative and litigation costs and a decision in accordance with *373 the agreement of the parties will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Amendments to sec. 7430 by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3743, apply to proceedings commenced after Nov. 10, 1988. Since the petition in this case was filed on Oct. 23, 1990, the TAMRA amendments in sec. 7430 apply.↩
3. There is no indication that respondent's appeals office considered this matter prior to issuance of the notice of deficiency.↩
4. Based on this finding, we need not address the issue of whether petitioners established that their net worth did not exceed $ 2 million.↩