Mae N. PEARSON, Appellee,

v.

UNITED STATES of America,
Appellant.

No. 74–2040.

United States Court of Appeals,
Fourth Circuit.

Argued April 9, 1975.

Decided July 28, 1975.

Jeffrey S. Blum, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton,

Asst. Atty. Gen., Brian P. Gettings, U. S. Atty., Raymond A. Carpenter, Jr., Asst. U. S. Atty., Gilbert E. Andrews, and Elmer J. Kelsey, Attys., Tax Div., U. S. Dept. of Justice, on brief), for appellant.

H. Brice Graves, Richmond, Va. (Robert S. Parker, Jr., Hunton, Williams, Gay & Gibson, Richmond, Va., on brief), for appellee.

Before WINTER, CRAVEN and BUTZNER, Circuit Judges.

WINTER, Circuit Judge:

In 1968 and 1969, Mrs. Mae Pearson paid long-term capital gains taxes on certain monies—termed by the parties as "special death benefits"—received by her from the Graybar Electric Company (Graybar), her deceased husband's former employer. She sued for a refund of these taxes, claiming that they were erroneously paid because the amounts paid to her by Graybar were gifts, excluded from gross income under § 102(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 102(a). The district court gave judgment in her favor, and the government appealed. We reverse.

I.

With this opinion we become the fourth United States Court of Appeals to consider the tax consequences of certain "special death benefits" paid by Graybar to the estates or beneficiaries of its shareholders.[1] Since the facts and relevant tax considerations of the Graybar "special death benefits" plan have been carefully detailed in three published opinions, only a summary statement of our views is required.

All Graybar stock is owned by company employees. Graybar possesses a right to repurchase the employee's shares on his death at par value; and, as it has in every case since 1928, Graybar exercised this option upon the death of its retired employee and former director, John H. Pearson, Jr. The "special death benefits" are equal to the amount of divi-

---

1. *Graybar Electric Company v. Commissioner,* 267 F.2d 403 (2 Cir. 1959); *Harper v. United States,* 454 F.2d 222 (9 Cir. 1971); *Jensen v. United States,* 511 F.2d 265 (5 Cir. 1975).

dends that would have been paid to the shareholder's estate or beneficiaries had Graybar not redeemed the stock. In theory, Graybar does not bind itself to pay these benefits, but it virtually always makes the payments. In the present case the benefits were paid directly to the taxpayer, Mr. Pearson's widow.

## II.

The Second Circuit ruled in 1959 that Graybar was not entitled to deduct the "special death benefits" as post-mortem compensation for previous services. *Graybar Electric Company v. Commissioner,* 267 F.2d 403 (2 Cir. 1959). This ruling is not disputed by the parties before us.

The Ninth Circuit held that the payments were nontaxable gifts to the recipients. *Harper v. United States,* 454 F.2d 222 (9 Cir. 1971). The district court in the instant case and the Fifth Circuit in *Jensen v. United States,* 511 F.2d 265 (5 Cir. 1975), both rejected the reasoning employed by the Ninth Circuit in *Harper.*[2] The district court, however, concluded that primarily because Graybar did not owe Mrs. Pearson "any legal or moral duty to make the payments," the payments were not additional consideration for the redemption of Mr. Pearson's stock. Therefore it held the payments were gifts and it required the government to refund the long-term capital gain taxes paid by Mrs. Pearson after her receipt of the payments.

The Fifth Circuit, on the other hand, found in the Graybar payment plan "nothing to indicate affection, admiration, respect, charity, or like impulses as the dominant reasons for these payments." *Jensen, supra,* 511 F.2d at 272.

Finding, instead, "substantial benefits [of the plan] to the corporation and its shareholders," the *Jensen* court reversed a district court judgment that a taxpayer was entitled to a refund of the long-term capital gains tax he paid on the "special death benefits" received from Graybar. 511 F.2d at 272–73.

For the reasons stated by the district court in the instant case and the Fifth Circuit in *Jensen,* we decline to follow the Ninth Circuit's holding in *Harper.* But, for the reasons stated in *Jensen,* we hold that the "special death benefits" received by Mrs. Pearson were not gifts, and therefore she is not entitled to a refund.[3] The judgment of the district court is

*Reversed.*

---

2. The *Harper* court applied five factors for distinguishing gifts from payments of income which were listed in *Poyner v. Commissioner,* 301 F.2d 287 (4 Cir. 1962). But, as the district court and the *Jensen* court both noted, these factors are not the complete test for settling gift-or-income problems; they are only means of analyzing the "most critical consideration" ―the intent of the transferor. *Commissioner v. Duberstein,* 363 U.S. 278, 285–86, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

3. We also agree with the Fifth Circuit that "[i]n this refund suit, we need not reach the question" whether these payments should be treated as long-term capital gains or "whether, for example, they constitute distribution of corporate profits taxable under Section 301 of the Code, or simply 'other income'." 511 F.2d at 273.