T.C. Summary Opinion 2001-31

UNITED STATES TAX COURT

WILLIAM REYNOLD LUHR, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7541-99S.                    Filed March 15, 2001.

William Reynold Luhr, pro se.

Anne S. Daugharty, for respondent.

GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's 1996 Federal income tax in the amount of $1,883.[1]  The issues for decision are:  (1) Whether pension payments from Boilermaker-Blacksmith National Pension Trust (pension trust) are includable in gross income under section 105, and (2) whether Social Security benefits are includable in gross income under section 86.

Some of the facts were stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein.  Petitioner resided in Olympia, Washington, at the time the petition was filed.  During the year in issue, petitioner was married and filed a joint Federal income tax return.

Petitioner worked as a field boilermaker for 22 years and was a member of the Boilermakers Local 563 (union) before he was diagnosed with ankylosing spondylitis in 1986.  As a member of the union, petitioner paid dues and participated in the pension trust, an employer-paid plan for disability and retirement pensions.  Due to his illness, petitioner was no longer able to work after 1986.  Petitioner became eligible to receive Social Security disability benefits in 1987 and received total benefits of $11,034 in 1996.  No portion of these benefits was disclosed or reported in gross income by petitioner on his 1996 return.  In 1988, petitioner was also approved to receive a "disability

---

[1]    The notice of deficiency was addressed to "William R & Patricia M Luhr".  Patricia Luhr did not sign the petition or any other documents relating to this case and is not a party in this matter.

pension" from the pension trust. In 1996, petitioner received $6,995 from the pension trust, which was also not disclosed or reported in gross income on his return. Petitioner was born on April 1, 1934, and was 62 years old during the year in issue.

In the notice of deficiency, respondent determined that petitioner failed to report $5,517 of taxable Social Security benefits, and $6,995 of taxable pension and annuity income.

Pension Trust Income

Section 61(a) provides that, except as otherwise provided by law, gross income includes all income from whatever source derived. Gross income does not include amounts received through accident or health insurance for personal injuries or sickness, other than amounts received by an employee to the extent such amounts are: (1) Attributable to contributions by the employer which were not includable in the gross income of the employee; or (2) paid by the employer. See sec. 104(a)(3). The latter amounts are includable in the gross income of the employee pursuant to section 105(a).

In Trappey v. Commissioner, 34 T.C. 407, 408 (1960), we held that disability income received through accident or health insurance for personal injuries or sickness is within the meaning of section 104(a)(3). Hence, the provisions in sections 104 and 105 dealing with amounts received through health insurance are used to resolve whether petitioner's disability benefits are includable in gross income.

Petitioner concedes that the disability payments are attributable to insurance premiums which were paid by employers who contracted for his services through the union and which were not included in his gross income. However, petitioner contends that the 1996 payments from the pension trust were disability payments pursuant to section 105(c), and, therefore, excludable from gross income.

Section 105(c) provides as follows:

> Gross income does not include amounts referred to in subsection (a) to the extent such amounts--
>
> (1) constitute payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer * * *, and
>
> (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work.

In order to qualify for the section 105(c) exception, the payments to petitioner must satisfy both paragraphs (1) and (2) of section 105(c). Section 105(c)(2) itself has two parts that must be satisfied: (1) The payments to the taxpayer must be computed with reference to the nature of the injury, and (2) the payments must be computed without regard to the period the taxpayer is absent from work. With respect to the first part of section 105(c)(2), the Court of Appeals for the Fourth Circuit stated in Rosen v. United States, 829 F.2d 506, 509 (4th Cir. 1987):

> A review of the cases indicates that for payments to be excludible from income under section 105(c), the instrument or agreement under which the amounts are

> paid must itself provide specificity as to the permanent loss or injury suffered and the corresponding amount of payments to be provided. * * * exclusion is permitted only under plans which vary benefits to reflect the particular loss of bodily function. * * *

Accord Beisler v. Commissioner, 814 F.2d 1304, 1307 (9th Cir. 1987), affg. T.C. Memo. 1985-25; Hines v. Commissioner, 72 T.C. 715, 720 (1979). Petitioner relies on a letter from the pension trust manager stating that petitioner's receipt of the monthly pension is solely based on the amount of petitioner's Social Security disability benefits. The letter also informs petitioner that upon attaining age 65, "this Disability Pension was converted to an Age Pension." It is well settled that we "are fully justified in examining such contracts or relationships to determine whether they are truthfully described by the labels which the parties have attached to them." Graybar Elec. Co. v. Commissioner, 29 T.C. 818 (1958), affd. per curiam 267 F.2d 403 (2d Cir. 1959). The labeling of the pension trust as "disability" without evidence confirming that the requirements of section 105(c) have been met is not binding on us. At trial, petitioner did not produce the written pension trust agreement and has been unable to establish that the pension trust payments he received from the union comport with the requirements of section 105(c). Indeed, petitioner concedes that the union computed his pension trust benefits based on the number of hours performed and years of credited service rather than with regard to any injury as required by section 105(c)(2).

Petitioner believes that the pension trust payments may be excludable from gross income because of information he received in a letter from the pension trust stating:

> since you are receiving these benefits due to a disability and are under the retirement age of sixty-five, these benefits may be excludable from gross income to the extent that such amounts are allowed by the Internal Revenue Service. At age sixty-five, the benefits will be taxable as ordinary income.

However, the language in the letter correlates to section 105(d).[2] During the years section 105(d) was in effect, payments made under wage continuation plans could be excluded from gross income under certain conditions. Section 105(d), however, was repealed, effective for taxable years after 1983, by the Social Security Act Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 85.

Finally, petitioner cites two cases, Winter v. Commissioner, 303 F.2d 150 (3d Cir. 1962), affg. 36 T.C. 14 (1961), and Jackson v. Commissioner, 28 T.C. 36 (1957), in support of his argument that the pension trust amounts are excludable from gross income. After reviewing the cases, we conclude that each is clearly distinguishable. Winter v. Commissioner, supra, interprets

---

[2]     SEC. 105(d)  Certain Disability Payments.–
        (1)  In General.--In the case of a taxpayer who–
            (A)  has not attained age 65 before the close of the taxable year, and
            (B)  retired on disability and, when he retired, was permanently and totally disabled, gross income does not include amounts referred to in subsection (a) if such amounts constitute wages or payments in lieu of wages for a period during which the employee is absent from work on account of permanent and total disability.

section 105(d) which is no longer in effect, as noted above, and, therefore, is irrelevant to our analysis.  In Jackson v. Commissioner, supra, the Court examined a written retirement and death benefit plan and held, based upon the Supreme Court decision in Haynes v. Commissioner, 353 U.S. 81 (1957), that the plan qualified as "health insurance" pursuant to section 22(b)(5) of the Internal Revenue Code of 1939 (section 22(b)(5)).[3]  We note that section 22(b)(5) is the precursor to section 104. Similarly to section 22(b)(5), section 104(a)(3) excludes from gross income "amounts received through accident or health insurance * * * for personal injuries or sickness".  A notable difference between the two sections, however, is that section 104(a)(3) qualifies the exclusion by the following limitation:

> (other than amounts received by an employee,
> to the extent such amounts (A) are
> attributable to contributions by the employer
> which were not includible in the gross income
> of the employee, or (B) are paid by the
> employer);

The opinion in Jackson v. Commissioner, supra, does not apply the current statute and, therefore, is distinguishable from the present case.

On the basis of the record, we find that the disability plan payments petitioner received from the union are not excludable

---

[3]   Section 22(b)(5) of the Internal Revenue Code of 1939, states that gross income shall not include "amounts received through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness...".

from gross income pursuant to section 105(c)(2). Accordingly, we need not decide whether they satisfy section 105(c)(1). Respondent is sustained on this issue.

Social Security Disability Benefits

Section 86(a) provides that if the sum of the modified adjusted gross income of a taxpayer plus one-half of the Social Security benefits received exceeds the base amount, then the taxpayer's gross income includes Social Security benefits in the amount equal to the lesser of: (1) One-half of the Social Security benefits received during the year; or (2) one-half of the excess of the sum of (a) modified adjusted gross income, plus (b) one-half of the Social Security benefits received over the base amount. The base amount for taxpayers filing a joint return in 1996 is $32,000. See sec. 86(c)(1)(B). Petitioner reported the following income on his 1996 joint Federal income tax return:

| Wages | $27,657 |
|---|---|
| Taxable interest | 1,139 |
| Rental real estate, etc. | 2,600 |
| Total | $31,396 |

For 1996, petitioner's modified adjusted gross income equals his adjusted gross income of $31,396 plus the unreported pension benefits of $6,995. See sec. 86(b)(2). Because petitioner's modified adjusted gross income plus one-half of the Social Security benefits received for the year is more than the base amount of section 86(c)(1)(B), petitioner's gross income includes

an amount of the Social Security benefits received, as provided by section 86(a).[4]

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4] One-half of the Social Security benefits received ($11,034) is $5,517.  The excess of the sum of the modified adjusted gross income ($38,391), plus one-half of the Social Security benefits received ($5,517) over the base amount is $11,908 ($38,391 + 5,517 - 32,000), one-half of which is $5,954.  Accordingly, petitioner must include the lesser of the two amounts, or $5,517.